# EDWARDS v. BYRNS' ESTATE.—182 S. W. (2d) 124.

Western Section. May 7, 1943.

Petition for Certiorari denied by Supreme Court, December 17, 1943.

Holmes & Holmes, of Trenton, for appellant.

Robert P. Adams, of Trenton, for appellee.

W. R. Landrum, of Trenton, for executor.

BAPTIST, J.   Upon the action of the County Court of Gibson County in disallowing a claim filed by Mary

Pauline Edwards, administratrix of the estate of Eula Edwards Byrns, deceased, against the estate of W. L. Byrns, deceased, the case was appealed by consent to the Court of Appeals under Code, Section 9029.

In contemplation of marriage W. L. Byrns and Mrs. Eula Edwards entered into the following contract:

"This agreement made this the 19th day of Nov., 1919, by and between Mrs. Eula Edwards of the one part, and W. L. Byrns, of the other part; both citizens of Gibson County, Tennessee; and is to witness; That whereas marriage is about to be solemnized between the said parties herein, and whereas they have each arrived at a mature age, their relative ages being 48 years and 65 years respectively; and whereas; they each have children by former marriages all of whom have probably reached their majority ages, except the youngest son of said Mrs. Eula Edwards and he is grown and capable of earning his own support; and whereas the said Mrs. Eula Edwards is the owner of and she is possessed of certain personal estate, chattels and choses in action and the said W. L. Byrns is also the owner of and he is possessed of certain personal property, chattels, choses in action, and real estate, situated in said county aforesaid; and whereas, it is mutually desired by the parties that the real and personal estate or personal estate, as the case may be, of each shall remain separate and be subject only to the sole control of its respective owners, as well after their marriage as previous thereto during their joint lives and they therefore hereby mutually agree and covenant each with the other that all the estate now owned or possession by said Mrs. Eula Edwards, or any and all that she may hereafter acquire or become entitled to in any way or manner, shall remain her separate and sole property, subject entirely to her individual control and man-

agement, the same as if she were unmarried, the said W. L. Byrns, not acquiring by force of such marriage, for himself or his creditors any interest thereon, or in the use or control thereof, or in the rents and profits arising therefrom, during the lifetime of the said Mrs. Eula Edwards nor after her death, by way of courtesy or otherwise under the laws of the State of Tennessee; and that, all the said estate real, personal or mixed, now owned or possessed by said W. L. Byrns, or any and all that he may hereafter acquire or become entitled to in any way or manner, except as herein provided shall remain, and be his separate estate, subject entirely to his individual control, management and disposition, and discharged at his death of the dower, and homestead rights of said Mrs. Eula Edwards, and also discharged of all and every claim, right, and demand, in the personal estate of said W. L. Byrns, which a widow is entitled under and by virtue of the laws of the State of Tennessee in the personal estate of her deceased husband, should the said Mrs. Eula Edwards, survive him as his lawful widow, the said Mrs. Eula Edwards, not acquiring, by force of her marriage, for herself, her heirs, assigns or creditors, any interest therein or control thereof or in the rents or profits thereof during the life of the said W. L. Byrns, or after his death provided however, that at death of the said W. L. Byrns, if the said Mrs. Eula Edwards, shall survive him as his lawful widow, that she, the said Mrs. Eula Edwards, shall have out of the estate of the said W. L. Byrns, the sum of ($1500.00) Fifteen Hundred Dollars, lawful money of the United States, to be by her received for her sole and separate benefit, and at her death to be disposed of by her as she may see fit and proper, the same to be received and held by her in lieu of her Dower and homestead rights in

the real estate of the said W. L. Byrns of which may die seized and possessed, and in lieu of all right, title and interest which she might or would have by and under the laws of the State of Tennessee in his personal estate.

"And the said Mrs. Eula Edwards in consideration of the premises does for her-self, her heirs, executors, and administrators, covenant and agree that the said W. L. Byrns, her intended husband and companion, that the pecuniary provisions hereinbefore made and provided for her herein shall be in full satisfaction when paid to her from her dower and homestead rights in the estate of the said W. L. Byrns, and shall bar her from claiming the same if she shall survive him at his death after said marriage is solemnized, and she shall likewise claim nothing or any share or portion in his personal estate, if the said marriage shall occur as aforesaid and she shall survive him as his lawful widow, unless some part thereof, is given her by his last will, or some act done subsequent to the execution of their premises.

"Witness our hands, this the 19th day of November, 1919.

"Mrs. Eula Edwards

"W. L. Byrns."

Thereafter the parties were married. W. L. Byrns died testate in Gibson County leaving surviving him as his widow, Eula Edwards Byrns.

H. Wilson qualified as executor of the will of W. L. Byrns on March 18, 1940, and on July 22, 1940, Eula Edwards Byrns filed in the County Court of Gibson County the marriage contract as a claim against the estate of W. L. Byrns deceased.

Eula Edwards Byrns died on September 20, 1940, and on October 12, 1940, the appellant, Mary Pauline Ed-

wards, qualified as administratrix of the estate of Eula Edwards Byrns, deceased, and on October 25, 1940, mailed to the County Court Clerk of Gibson County a certified copy of her letters of administration accompanied by the following letter:

"County Court Clerk
"Gibson County
"Trenton, Tennessee

"P. O. Box #1090
"Nashville, Tennessee
"October 25, 1940

"In Re: Estate of W. L. Byrns,
"Dyer, Tennessee.

"Reference is made to the claim which my mother, Mrs. Eula E. Byrns, filed with you against the above named Estate.

"My mother died on September 30th, 1940, and I have been appointed as Administratrix of her estate. I qualified as administratrix in Perry County, where she was living at the time of her death.

"We (her children) are anxious to go ahead and try to collect the amount of this claim filed against the estate of Mr. Byrns.

"I am forwarding you herewith a certified copy of the appointment, bond and letters of administration.

"Please acknowledge receipt of the enclosed certified copy.

"Yours very truly
"Mary Pauline Edwards."

Exceptions were filed to the claim of Mrs. Eula Edwards Byrns, deceased, by the children of W. L. Byrns, deceased. Those pertinent to the case and which were sustained by the Countyy Court are as follows:

"Because Mrs. Eula Edwards Byrnes, wife and widow of W. L. Byrns died intestate on September 30, 1940, and any and all rights and claims that she had in and to the property and estate of W. L. Byrns under the marriage contract, the basis of her claim, Mrs. Eula Edwards Byrns, thereby terminated and ended."

"Because under the terms of the marriage contract, the basis of her claim, the $1500.00 therein mentioned was to be received by Mrs. Eula Edwards Byrns, only in the event she survived W. L. Byrns, "for her sole and separate use and benefit" to be disposed of by her at her death as she saw fit and proper. The said Mrs. Eula Edwards Byrns only acquired a life estate, or a right thereto, in said amount of $1500.00 with the right to receive it during her lifetime and to dispose of it at her death. She neither received it in her lifetime, nor disposed of it at her death, and any and all rights, claim and interest that she may have had thereto ceased and terminated at her death.

"The said Claim is not valid, legal and existing claim against the estate of W. L. Byrns, deceased."

It was thereupon decreed that the claim of the appellant was not a valid claim against the Estate of W. L. Byrns, deceased, and was disallowed.

Upon this action of the Court the appellant has assigned error.

The will of W. L. Byrns was introduced in evidence. By it his property, both real and personal, is left to his four children and provides "but a bed with bed clothing and mattress and feather bed all complete to be given to my present wife, Eula Byrns in addition to the payment under our marriage contract." The children mentioned in the will are by W. L. Byrns' first marriage.

The exceptions which were sustained by the County Court and upon which the decree was entered are based upon the proposition that Mrs. Byrns, under the marriage contract, acquired only a life estate in the amount of $1500 to be derived from the estate of her husband.

We are of the opinion that the Court was in error in so holding.

There are no words in the marriage contract tending to create a life estate in the amount which she was to receive. The proposition is that if she survived her husband she shall have out of the estate $1500 to be received by her for her sole and separate benefit, and at her death to be disposed of by her as she may see fit and proper. This sum of money was to be received by her in lieu of all her rights, as widow, in the estate of her deceased husband.

Under the proposition of this contract the widow, at the death of her husband, was vested with absolute title in the amount of $1500 to be paid out of his estate.

The case of Troup v. Hart, 7 Baxt. 188, involved the construction of the will of James Galbreath. The clause of the will construed was as follows:

"As to all the rest of my estate, residue and remainders, whatever it may be, the tract of land I now live on, my negro girl Ann, my mules, etc., all and everything belonging to the place, of every kind and description, whatever it may be, I will and bequeath to my loving wife Margaret Galbreath, to have and to hold during life, and to make what disposition she may see proper at her death."

The court held that the widow took an absolute title to the property.

In the case of David v. Bridgman, 2 Yerg. 557, the question arose upon the following clause in the will of Sampson David:

"1st. 'It is my will, that my beloved wife, Martha David, have all my estate, both real and personal, during her life . . .' 2d. 'It is my will, that my wife Martha, at her death, may have full power and authority to dispose of all my personal property . . . in any manner she may think proper.' "

In this case Judges Catron and Peck held, that the widow took the absolute title to the personal property, because the will vested her with the unlimited power of disposal at her death. Judge Catron in his opinion says:

"That Martha David had the right to use the property, without any right on the part of the distributees of Sampson David to impound it during her lifetime, is, we think, incontrovertible; that she could sell, give away or destroy it, without legal restraint or molestation by complainants, follows; and that a sale or gift of the property, at any period during her life, would have been in effect, a disposition at her death, (because then, as well as previously, a subsisting alienation,) we have no doubt," and he adds: "If Martha David as devisee of her husband, could lawfully part with the property bequeathed . . . at any period after S. David's death, and communicate a good title to the purchaser, it follows, that she had the power as effectually to defeat the estate in remainder, as if the words 'at her death,' had not been inserted in the will."

As heretofore stated, the contract does not create a life estate in the amount of $1500. We are of the opinion that if the contract could be construed to create such an

estate, then under the authorities above cited, the unlimited power of disposition vested her with the absolute title.

The decree of the County Court is reversed and judgment will be entered here in favor of Mary Pauline Edwards, administratrix, against the estate of W. L. Byrns, deceased, for $1500. The appellee will pay the costs.

Anderson, P. J., and Ketchum, J., concur.